UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAUNCH ON DEMAND LLC,

    Plaintiff,

  vs.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No.
6:23-cv-789-CEM-RMN

## ORDER

This matter is before the Court without oral argument on Plaintiff Launch on Demand LLC's Motion to Compel (Dkt. 98), filed June 13, 2025. As required, the motion contains a Local Rule 3.01(g) certification, in which counsel represents that "she [sic] conferred by email with Defendant's counsel on June 10 and 13, 2025, and that Defendant opposes the relief sought in this motion." *Id.* at 12.

The United States subsequently moved to extend its deadline to respond. Dkt. 100. As a basis for this request, counsel for the United States represents that before June 9 the parties had not discussed the government's responses to the discovery requests at issue. *Id.* at 3. Counsel states that, on "the evening of June 10,

counsel for Launch on Demand wrote to demand a substantive response to the November 2023 discovery request by noon on Thursday, June 12. When [the government's] counsel responded that he would not be able to do so, Launch on Demand filed its motion on June 13." *Id.*

As applicable here, Local Rule 3.01(g) requires a movant to, before filing a motion, confer with an opposing party "in a good faith effort to resolve the motion." Local Rule 3.01(g)(1). As the Court's *Handbook on Civil Discovery Practice* explains, if "the opposing party is unavailable before the motion's filing, the movant should say so in the certification, explain the means by which and when the attempts at conferral occurred, and comply with Local Rule 3.01(g)(3)." *Middle District Discovery* (2021) at Section I.A.2.[1] Further, the handbook explains that (1) the "term 'confer' in [Local] Rule 3.01(g) means a substantive discussion," (2) the rule is "strictly enforced," and (3) any "motion that does not comply with the rule may be summarily denied." *Id.*

---

[1] The *Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* is available to the public on the Court's website at http://www.flmd.uscourts.gov/Forms/Civil/Discovery_Practice_Manual.pdf. Although the handbook is "neither substantive law nor inflexible rule," it does provide "an expression of generally acceptable discovery practice in the Middle District." *Kaplan v. Kaplan*, No. 2:10-cv-237, 2012 WL 1660605, at *2 (M.D. Fla. May 11, 2012) (quoting the handbook's introduction).

Based on counsels' representations, the Court finds that the parties did not confer before Plaintiff filed its motion to compel. The motion to compel is therefore denied.

The parties are cautioned again that discovery motions will be denied if counsel do not have a substantive conversation about all the relief sought in the motion before the motion is filed. *See* Local Rule 3.01(g); *Middle District Discovery* at Section I.A. Because of the difficulty counsel have had with complying with the requirements of the Local Rules, the Court will require lead counsel to participate in each conferral on discovery matters going forward. Additionally, the parties must confer in person, by telephone, or by video conference—not just in writing. If the parties continue to flout the conferral requirement in future discovery motions, the Court may impose sanctions on counsel, the parties, or both, in addition to summarily denying the motion.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Dkt. 98) is **DENIED**; and

2. Defendant's Motion for an Extension of Time (Dkt. 100) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida, on June 26, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record